UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00273-RJC-DCK

| | |
|---|---|
| **CELLCO PARTNERSHIP,** | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) **Consent Order and Final Judgment** |
| **VILLAGE OF WESLEY CHAPEL TOWN COUNCIL;** and | ) |
| **VILLAGE OF WESLEY CHAPEL, NORTH CAROLINA;** | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on the Joint Motion for Entry of Consent Order and Final Judgment (the "Joint Motion") filed by the Parties.[1] (DE 8). This case involves claims under the Telecommunications Act of 1996, 47 U.S.C. § 332 (the "TCA"), arising out of the denial by Defendants of Verizon Wireless' application for a conditional use permit to construct a wireless telecommunications facility on certain real property more specifically described in the Complaint. (DE 1).

The Parties report that they have settled this case and have filed the Joint Motion reflecting that agreement. Therefore, based upon the consent of the Parties, and good cause having been shown,

The Parties hereby **AGREE** and the Court hereby **FINDS** as follows:

1. Verizon Wireless filed an application for a conditional use permit (the "CUP

---

[1] Defendants the Village of Wesley Chapel, North Carolina (the "Village") and the Wesley Chapel Town Council (the "Council") are collectively described herein as "Defendants." Plaintiff Cellco Partnership d/b/a Verizon Wireless is referred to as "Verizon Wireless." Defendants and Verizon Wireless are collectively described as the "Parties."

Application") with Defendants to develop a new wireless telecommunication facility (the "Facility") to be located at 6719 New Town Road, Waxhaw, North Carolina (the "New Town Road Site").

2. The Council held a public hearing on the CUP Application at its meetings on December 14, 2020 and February 8, March 8, and April 12, 2021.

3. Following the April 12 public hearing, the Council found that the CUP Application did not meet all of the criteria for granting a condition use permit and voted to deny the CUP Application.

4. Following the Village's oral denial of the CUP Application, the Village issued written minutes of that hearing on May 11, 2021.

5. Verizon Wireless timely filed this action on June 9, 2021 appealing the Village's denial of the CUP Application.

6. Since the filing of this action, Verizon has submitted revised plans to the Village in support of the CUP Application, in which changes were made to reflect Verizon's agreement to not disturb existing vegetation in the area of the New Town Road Site, apart from as necessary to construct the proposed facility and road to the proposed facility, and to alter the path of the access road to the New Town Road Site (the "Revised Plans").

7. On September 13, 2021, the Council convened at a properly-called public meeting with due notice and, based on the incorporation of the Revised Plans into the CUP Application, voted to authorize the filing of the Joint Motion and entry of this Consent Order ordering that the City grant the CUP Application, as amended by the incorporation of the Revised Plans.

8. The Court has personal jurisdiction over Defendants, subject-matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 47 U.S.C. § 332(c), and venue is proper in this

judicial district.

9. The Parties have considered their positions in this litigation and, to avoid any further expense and risk associated with this case, consent to the entry of this judgment resolving this case.

10. The Parties have agreed to a settlement of this action without adjudication of any facts or law, other than those relating to jurisdiction and venue and those articulated herein.

Therefore, the Parties hereby **AGREE**, and the Court hereby **ORDERS**, **ADJUDGES** and **DECREES**, as follows:

a) The CUP Application, as amended by the incorporation of the Revised Plans, should be and hereby is **GRANTED**.

b) Defendants and their representatives and employees will expeditiously issue any permits, documents, or approvals necessary or appropriate to document or to effect the approval of the CUP Application, as amended by the incorporation of the Revised Plans, the issuance of a building permit, and the placement and construction of the wireless facility described in the CUP Application.

c) This Order shall resolve all disputes between the Parties concerning the CUP Application.

d) This Order constitutes the final judgment in this case pursuant to Fed. R. Civ. P. 58. Each party will bear their own costs and attorney fees.

**SO ORDERED**

Signed: November 10, 2021

_Robert J. Conrad, Jr._
Robert J. Conrad, Jr.
United States District Judge